UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, for the use and benefit of, <br> OAK GROVE RESTORATION COMPANY, <br> 5815 Riggs Road <br> Gaithersburg, Maryland 20882, <br><br> Plaintiff, <br><br> v. <br><br> ALLEGHENY CASUALTY COMPANY <br> One Newark Center <br> 1111 Raymond Blvd., 20th Floor <br> Newark, New Jersey 07102, <br><br> Serve: Natalie M. Koss <br> 1150 Connecticut Avenue, NW Suite 900 <br> Washington, DC 20036 <br><br> Defendant. | Case No. 1:16-cv-145 |

## COMPLAINT

The plaintiff, United States of America, for the use and benefit of Oak Grove Restoration Company ("Oak Grove"), by counsel, respectfully submits this claim for damages against the defendant, Allegheny Casualty Company ("Allegheny"), and states as follows:

## PARTIES

1. The use plaintiff, Oak Grove, is a corporation organized and existing under the laws of Maryland, with its principal place of business in Maryland.

2. On information and belief, defendant Allegheny is a corporation organized and existing under the laws of Pennsylvania, with its principal place of business in Pennsylvania.

5/49436.1

## JURISDICTION AND VENUE

3. Subject matter jurisdiction in this Court is established under the Miller Act, 40 U.S.C. § 3131, *et seq.* and 28 U.S.C. § 1331. The Miller Act venue provisions state that "[a] civil action brought under [the Miller Act] must be brought . . . in the United States District Court for any district in which the contract was to be performed and executed, regardless of the amount in controversy." 40 U.S.C. § 3133. Venue is proper in this Court because the subject contract was performed in the District of Columbia.

4. This Court has personal jurisdiction over Allegheny because Allegheny is registered to conduct business in the District of Columbia, and because it issued a Miller Act bond for a contract performed in the District of Columbia.

## FACTS COMMON TO ALL COUNTS

5. On or about September 13, 2012, OLBN, Inc. ("OLBN") entered into Contract No. GS-11P-12-MK-C-0043 (the "Prime Contract"), as general contractor, with the Public Buildings Service of the General Services Administration ("GSA"), for the Oversight, Stabilization, and Conservation of the Clara Barton Building, Washington, DC (the "Project").

6. Pursuant to the terms and conditions of the Prime Contract and the Miller Act, 20 U.S.C. §§ 3131, *et seq.*, OLBN, as principal, and Allegheny, as surety, executed and delivered to the GSA Payment Bond No.900-0045 (the "Bond"), binding OLBN and Allegheny jointly and severally to pay all persons having a direct contractual relationship with OLBN to furnish labor and material in the prosecution of work on the Prime Contract. A copy of the Bond is attached hereto as <u>Exhibit 1</u>.

5/49436.1

7.  On or about February 20, 2013, use plaintiff, Oak Grove, and OLBN entered into a subcontract, in which Oak Grove agreed to perform certain conservation and construction work on the Project (the "Subcontract").

8.  Oak Grove last provided material or labor to the Project on February 11, 2015.

9.  Oak Grove satisfactorily performed its obligations to supply labor and material necessary for the Project pursuant to the Subcontract.

10. OLBN breached the Subcontract by failing and refusing to make timely payment to Oak Grove.

## COUNT I
### (Miller Act Claim)

11. The use plaintiff, Oak Grove, reaffirms and realleges the allegations set forth in paragraphs 1 through 10 of the complaint.

12. Pursuant to the Subcontract with OLBN, Oak Grove provided labor and materials necessary for the construction of the Project.

13. Oak Grove was not paid in full within 90 days after the day on which it performed the last of its labor on the Project, and the date of filing this complaint is within one year of the day on which it performed the last of its labor on the Project.

14. The principal on the Bond, OLBN, failed to remit payment of the amounts owed to Oak Grove under the Subcontract for its work on the Project.

15. Under the Bond and the Miller Act, OLBN and Allegheny are jointly and severally liable to Oak Grove for all amounts owed by OLBN under the Subcontract.

16. As of the date of filing this complaint, OLBN and Allegheny have failed to honor their obligations under the Bond by failing to pay Oak Grove the amounts owed under the Subcontract despite demand for payment.

5/49436.1

17. The use plaintiff, Oak Grove, is entitled to judgment against the Bond and Allegheny in an amount not less than $15,709, plus interest, costs, and attorney's fees.

WHEREFORE, premises considered, Oak Grove respectfully requests that the Court:

1. Enter judgment against Allegheny for the amounts due under the Subcontract and pursuant to the Miller Act.

2. Enter judgment for such other, further, and general relief to which the use plaintiff, Oak Grove, may be entitled and which the Court shall deem just and equitable, including reasonable attorney's fees.

Dated: January 29, 2016

Respectfully submitted,

*/s/ Amy E. Garber*
Robert J. Symon (D.C. Bar No. 436245)
Amy E. Garber (D.C. Bar No. 48404)
Bradley Arant Boult Cummings LLP
1615 L Street NW, Suite 1350
Washington, DC 20036
(202) 719-8294 (office)
(202) 719-8394 (facsimile)
rsymon@babc.com
agarber@babc.com

*Counsel for Oak Grove Restoration Company*

5/49436.1